```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**CHARLES HARRISON, #53595-018**                                     **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  3:14-cv-530-TSL-JCG**

**BONITA S. MOSLEY, WARDEN**[1]                                       **RESPONDENT**

<u>**MEMORANDUM OPINION**</u>

This matter is before the court, *sua sponte*, for consideration of dismissal. *Pro Se* petitioner Charles Harrison filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. He is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Upon review of the petition [1] and response [4], along with the applicable case law, the court has reached the following conclusions.

**I.  Background**

On July 9, 2014, Harrison filed the instant habeas petition challenging his sentence entered by the United States District Court for the Middle District of Florida. Harrison pled guilty to conspiracy to distribute 50 grams or more of methamphetamine. *United States v. Harrison*, No. 8:10-cr-338 (M.D. Fla. Apr. 4, 2011). On April 4, 2011, he was sentenced to 240 months in the custody of the Federal Bureau of Prisons, followed by 120 months of supervised release. *Id*.

Harrison claims that he is entitled to habeas relief because

---

[1] Warden Bonita S. Mosley replaces the United States as the named respondent pursuant to Harrison's response [4].

the sentencing court violated his constitutional rights when his sentence was enhanced based on a prior state court drug conviction. Specifically, he maintains that his prior drug conviction from the State of Florida does not qualify as a felony drug offense under federal law.[2] Harrison argues that his mandatory minimum sentence should only be 10 years and not the 20 years applicable with the enhancement. He asks the court to vacate his sentence and re-sentence him without the enhancement. *See* Resp. [4] at 3.

**II. Analysis**

Harrison claims his sentence was improperly enhanced because his prior drug conviction does not constitute a felony drug offense under federal law. He relies on *Carachuri - Rosendo v. Holder*, 560 U.S. 563 (2010) and *Lopez v. Gonzalez*, 549 U.S. 47 (2006), as support for his claims.[3] Both of these cases were decided prior to the imposition of his federal sentence.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241. *United States v. Cleto*,

---

[2]Although Harrison also states that he is actually innocent of the prior drug conviction that was used to enhance his federal sentence, he clarifies that he is challenging his federal sentence in this petition and not the validity of the prior state court conviction. *See Resp*. [4] at 1.

[3]In both of these cases the court considered whether certain drug convictions were aggravated felonies for the purpose of removal proceedings.

956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Harrison's claim that his sentence was improperly enhanced does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since the alleged constitutional violation regarding the enhancement to his sentence "occurred at or prior to sentencing," it is not properly pursued in a § 2241 petition.

However, pursuant to a limited exception, referred to as the "savings clause," a federal court may consider a § 2241 petition that challenges a federally imposed sentence when the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). In *Reyes-Requena,* the Fifth Circuit set forth a two-part test to determine if a claim meets the stringent "inadequate or ineffective" requirement entitling the inmate to proceed under the savings clause. 243 F.3d at 904. To satisfy the test, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2)

his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Reyes-Requena v. U.S.*, 243 F.3d at 904). Harrison bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).

Harrison contends that the § 2255 remedy is inadequate or ineffective because he is barred from filing a § 2255 motion by the statute of limitations. Resp. [4] at 4. However, a petitioner's inability to file a § 2255 motion does not render the remedy under § 2255 inadequate or ineffective as necessary to proceed under the savings clause. *Bell v. Holder,* 488 F. App'x 822, 823 (5th Cir. 2012)(finding inability to file § 2255 motion based on statute of limitations does not render § 2255 remedy inadequate or ineffective); *see also Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)(holding prior unsuccessful § 2255 motion or inability to file a second or successive § 2255 motion does not render remedy inadequate or ineffective).

Likewise, Harrison's reliance on *Carachuri - Rosendo* and *Lopez*, does not entitle him to proceed under the savings clause. These cases were clearly decided prior to his sentencing, thus

4

failing the second prong of the *Reyes- Requena* test.[4] In addition, the Fifth Circuit has consistently found that sentence enhancement claims fail to satisfy the requirements of the savings clause. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). The court concludes that Harrison's claims fail to satisfy the *Reyes-Requena* test, and therefore he cannot proceed under the savings clause.

**III. Conclusion**

Since Harrison's claims challenge the validity of his sentence and his claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241. Accordingly, this petition for habeas relief shall be dismissed as frivolous. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the petition can be construed as a § 2255 motion it shall be dismissed for

---

[4] Even if these cases were decided after the imposition of Harrison's sentence, he cites no authority supporting the position that either of these cases applies retroactively on collateral review. Further, the court notes that several courts have explicitly found that *Carachuri - Rosendo* is *not* retroactively applicable on collateral review. *See Galindo v. Warden, FCI Texarkana*, No. 5:13-cv-80, 2013 WL 6038866 at *2 (E.D. Tex. Nov. 14, 2013)(collecting cases).

lack of jurisdiction.  *Pack,* 218 F.3d at 454.

  A final judgment in accordance with this memorandum opinion shall be issued.

  SO ORDERED, this the __16th__ day of September, 2014.

        /s/Tom S. Lee
        UNITED STATES DISTRICT JUDGE